IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 7 |
| | * | |
| 19-21 N. GEORGE, INC., | * | |
|     Debtor | * | |
| | * | CASE NO: 1:09-bk-03080MDF |
| | * | |
| STEVEN M. CARR, TRUSTEE, | * | ADV. NO: 1:10-ap-00432MDF |
|     Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| 19-21 N. GEORGE LP, | * | |
| RANDALL HIRSCH, and | * | |
| 19-21 N. GEORGE LLC | * | |
|     Defendants | * | |

## OPINION

In the above-captioned adversary proceeding, Steven M. Carr, Trustee in the Chapter 7 case of 19-21 N. George, Inc., (the "Trustee") seeks to recover damages arising from an ejectment action initiated against 19-21 N. George, Inc. ("Debtor") by Debtor's landlord, 19-21 N. George LP (the "Limited Partnership"). The Trustee filed suit against the Limited Partnership and two related parties, Randall Hirsch and 19-21 N. George LLC (collectively "Defendants"). Before me is Defendants' Motion for Permissive Abstention. For the reasons that follow, Defendants' Motion will be granted in part and denied in part.

### I. Factual and Procedural History

The claims in this adversary proceeding arise out of a lease of a commercial property in York, Pennsylvania entered into by Debtor as the tenant and the Limited Partnership as the landlord on or about September 2, 2008.[1] Debtor operated a restaurant on the premises until

---

[1] In addition to the commercial property used as a restaurant, the lease included an apartment that Debtor rented to Thomas Randall Peters, who is one of the plaintiffs in the state

evicted by the Limited Partnership on January 23, 2009. In response to the actions of the Limited Partnership, Debtor filed a complaint in the Court of Common Pleas of York County on January 30, 2009 (hereinafter the "State Court Complaint"). The State Court Complaint asserts counts against the Limited Partnership, Randall C. Hirsch, and Howard K. Hirsch for breach of contract, breach of warranty of quiet enjoyment, trespass, fraud, conspiracy to commit fraud, intentional misrepresentation, and breach of fiduciary duty. Debtor also filed a petition with the state court seeking the issuance of a preliminary injunction directing the Limited Partnership and the Hirsches to provide the tenants of the building access to the premises and to cease interfering with its possession and use of the premises under the terms of the lease. A hearing was held on the injunction motion on February 25, 2009 at which time the Honorable Stephen P. Linebaugh determined that the state court defendants had obtained possession of the property illegally using self help and that Debtor was entitled to injunctive relief. On March 5, 2009, an injunction was granted contingent upon Debtor posting a bond of $47,000. Judge Linebaugh set the amount of the bond based on the amount of lease payments that would accrue until a hearing could be scheduled on the permanent injunction and the other counts of the State Court Complaint.

Between the hearing on the injunction and the issuance of the order granting injunctive relief, the Limited Partnership confessed judgment under the terms of the lease.[2] On April 7,

---

court action with Debtor's principals, Mary Beth Peters, and William Bennawit. Only Debtor was a party to the lease and is the sole plaintiff in the action before this Court. Therefore, for the purposes of this Opinion, Debtor will be referred to as the plaintiff in the state court action.

[2]On February 27, 2009, the Limited Partnership confessed judgment against Debtor in the Court of Common Pleas of York County to Docket No. 2009 000950-30 in the amount of $806,361.71 plus interest, attorneys fees, and costs. The Limited Partnership filed a proof of claim in the within case based upon the confessed judgment on January 15, 2010.

2

2009, the state court defendants asked Judge Linebaugh to dissolve the injunction because Debtor had failed to post a bond. A hearing was scheduled for April 21, 2009, which was then continued to April 24, 2009 (hereinafter "April 24 Hearing"). Counsel for all parties were directed to appear at the continued hearing.

Debtor filed its petition for relief under Chapter 7 on April 23, 2009. At the April 24 Hearing before Judge Linebaugh, Debtor failed to appear. Judge Linebaugh determined that the hearing was not stayed by Debtor's bankruptcy filing and proceeded to hear a motion to dissolve the injunction filed by the defendants, including the Limited Partnership. In an order that was issued April 28, 2009 ("April 28 Order"), Judge Linebaugh observed that "Plaintiffs/Debtors failed to appear due to the mistaken belief that their filing a Petition with the United States Bankruptcy Court under Chapter 7 resulted in an automatic stay with regard to this Court's equitable proceeding, preventing this Court from conducting a hearing with respect to the injunction." *19-21 N. George, Inc. et al. v. 19-21 N. George, LP, et al.*, No. 2009-SU-411-Y01 (Court of Common Pleas of York County, PA, April 28, 2009). The court opined that the automatic stay was inapplicable because the original proceeding had been brought by Debtor and not against it. Because Debtor had failed to post the bond required in its earlier order, Judge Linebaugh dissolved the injunction. He also held that the Limited Partnership had obtained possession legally by confession of judgment and declined, without prejudice, to rule on Debtor's motion to open or strike the confessed judgment.

On June 1, 2009, the Limited Partnership filed a motion for relief from the stay to transfer the liquor license used in Debtor's business, which was granted by this Court on July 30, 2009.

3

Case 1:10-ap-00432-MDF    Doc 20    Filed 05/13/11    Entered 05/13/11 11:50:26    Desc
Main Document    Page 3 of 15

Steven M. Carr, the Chapter 7 trustee (the "Trustee"), filed a motion on October 13, 2009, seeking permission to sell Debtor's miscellaneous restaurant and bar equipment and inventory for $2500 to the Limited Partnership. The Trustee also proposed to "sell" to the Limited Partnership the estate's potential claim against it for $5000, in effect settling the estate's claims against the Limited Partnership related to the eviction. The Court denied the Trustee's motion. On November 11, 2010, the Trustee filed the within Complaint seeking to recover damages against the Limited Partnership arising from the eviction of Debtor from the leased premises. Defendants filed a motion requesting this Court to abstain from adjudicating the Complaint, and the Trustee filed a response opposing the requested relief. A hearing was held on the motion on April 11, 2011.

## II. Discussion

*A.   Subject Matter Jurisdiction*

The issue of whether this Court has subject matter jurisdiction over the counts asserted in the Trustee's Complaint was not raised by the parties. However, a federal court has a duty to consider whether subject matter jurisdiction exists. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003), *cert. denied*, 541 U.S. 959 (2004).

At the time the bankruptcy petition was filed there was a pending motion to open or strike the judgment confessed against Debtor and the other plaintiffs.[3] The state court explicitly declined to rule on the motion and noted that the plaintiffs are "free to pursue those matters if

---

[3] In his post-hearing brief, the Trustee disputes whether a motion to strike or open the judgment was filed. The Court has no evidence before it to resolve this assertion, but it is clear from the April 28 Opinion that the state court believed that a motion had been filed. ("The Court will take no action with regard to the Motions to Open or Strike the judgments filed by Plaintiffs/Debtors in this matter." Order dated April 28, 2009, Docket No. 2009-SU-411-Y01).

4

they so choose." In the Complaint, the Trustee has requested this Court to strike or open the confessed judgment. I must decline this request because such action would constitute a collateral attack on the state court judgment. Based upon the *Rooker-Feldman* doctrine, I find that I lack subject matter jurisdiction to decide whether the judgment should be opened or stricken.[4]

A trial court "is not divested of subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Turner*, 449 F.3d at 548 (citing *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 292 (2005)). But under the *Rooker-Feldman* doctrine, federal trial courts lack subject matter jurisdiction of a cause of action in which the plaintiff is seeking to reverse or void a state court judgment. *Turner v. Crawford Square Apartments III, L.P.* 449 F.3d 542, 547 (3d Cir. 2006); *Singleton v. Fifth Third Bank of W. Ohio (In re Singleton),* 230 B.R. 533, 536 (B. A. P. 6th Cir. 1999) (citations omitted); *Sabertooth, LLC v. Simons (In re Sabertooth)*, 443 B.R. 671, 679 (Bankr. E.D. Pa. 2011). Recently, the Court of Appeals for the Third Circuit explained that a federal claim violates the *Rooker-Feldman* doctrine and must be dismissed for lack of subject matter jurisdiction when: (1) the plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the state court judgment was rendered before the federal suit was filed; and (4) the plaintiff is asking the federal court to review and set aside the state court judgment. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) *cited in In re Sabertooth,* 443 B.R. at 680. The within case meets the *Great Western* test: (1) Debtor lost in state court; (2) the Trustee as Debtor's successor-in-interest complains of injuries caused by

---

[4]The *Rooker-Feldman* doctrine is the product of two Supreme Court decisions, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

the state court judgment; (3) the confessed judgment was rendered before the Complaint was filed in this Court; and (3) the Trustee is asking this Court to review and set aside the state court judgment.[5] An order from this Court striking or opening the judgment would be an impermissible appellate review of an order of the state court and, thus, is barred by the *Rooker-Feldman* doctrine.

Having determined that I do not have jurisdiction to hear the motion to strike or open the state court judgment, I must determine whether I have subject matter jurisdiction over the remaining counts of the Complaint.

A bankruptcy court has subject matter jurisdiction over "core" and "related to" proceedings. 11 U.S.C. § 1334(a). A proceeding is "core" if "it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re Marcus Hook Dev. Park Inc.*, 943 F.2d 261, 267 (3d Cir. 1991) (citations omitted). In addition to the motion to strike or open the confessed judgment, the Complaint includes counts for: (1) breach of contract; (2) violation of the automatic stay; (3) breach of warranty of quiet enjoyment; (4) trespass; and (5) conversion. On the face of the Complaint only the claim for violation of the automatic stay is a core proceeding. All other causes of action exist outside the Bankruptcy Code and did, in fact, arise pre-petition under Pennsylvania law. Generally, these types of claims are considered "related to" proceedings. A "related to" proceeding is one in which "*the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.*" *Id.* at 264 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d

---

[5]The *Rooker-Feldman* doctrine applies to all state court judgments, including judgments by confession. *In re Sabertooth* at 683.

984, 994 (3d Cir. 1984) (emphasis in original)). "Related to" jurisdiction as defined by the Court of Appeals is broad. It exists if it is possible "that a proceeding may impact on the debtor's rights, liabilities, options, or freedom of action or the handling or administration of the bankrupt estate." *Halper v. Halper*, 164 F.3d 830, 837 (3d Cir. 1999) *quoting In re Marcus Hook Dev. Park, Inc.*, 943 F.2d at 269. The counts set forth in the Complaint, other than claims for violation of the automatic stay, are "related to" the bankruptcy proceeding because they are claims asserted by the Trustee against a creditor of the estate.[6] Therefore, this Court has jurisdiction to hear and rule on all of the remaining counts of the Complaint. I now must consider whether it would be appropriate to abstain from hearing any or all of the remaining counts.

    B.    *Permissive Abstention*

A bankruptcy court may abstain from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11 if abstention will serve the interests of justice or promote comity with state courts. 28 U.S.C. § 1334(c)(1). Abstention is a narrow exception to the duty of a court to adjudicate a controversy before it. *Gwynedd Properties Inc. v. Lower Gwynedd Township*, 970 F.2d 1195, 1199 (3d Cir. 1992) (citations omitted). *See also Milford Group, Inc. v. Northeastern Bank of Pa. (In re Milford Group, Inc.),* 164 B.R. 892, 898 (Bankr. M.D. Pa. 1993) ("[P]ermissive abstention . . . is an extraordinary remedy and not readily utilized by Bankruptcy Courts.").

---

[6]In the within case some of the claims asserted by Debtor may be considered "core" by virtue of the Limited Partnership having filed a proof of claim based upon the confession of judgment entered in state court. 28 U.S.C. §157(b)(2)(c) (counterclaims asserted by the estate against persons filing claims against the estate are "core" proceedings). At this juncture, it is unnecessary for me to determine whether the claims asserted in the Complaint are "core" or simply "related to" the bankruptcy case.

7

Case 1:10-ap-00432-MDF    Doc 20    Filed 05/13/11    Entered 05/13/11 11:50:26    Desc
Main Document      Page 7 of 15

> Matters for which permissive abstention is reserved include: (1) matters in which difficult, uncertain issues of state law or those in which the state has a unique interest are presented, *In re Stephen Smith Home for the Aged, Inc*., 80 B.R. 678, 682-87 (E.D. Pa. 1987); (2) matters in which the proceeding has been removed from state court and/or there is a parallel state court action pending, *In re Tidwell Industries, Inc.*, 87 B.R. 345, 348-50 (Bankr. E.D. Pa. 1988; (3) the proceedings principally involve claims asserted by or against non-debtors, *In re Futura Industries, Inc*., 69 B.R. 831, 835-36 (Bankr. E.D. Pa. 1987); and (4) matters in which some other truly extraordinary aspect is present.

*Arl, L.L.C. v. Crown Village Farm, LLC (In re Crown Village Farm, LLC)*, 415 B.R. 86, 95 (Bankr. D. Del. 2009). However, courts have broad discretion to abstain from deciding both core or non-core issues if the interests of justice or respect for state law will be served. 11 U.S.C. § 1334(c)(1); *Saragusa v. Sargusa (In re Siragusa),* 27 F.3d 406, 408-09 (9th Cir. 1994) (bankruptcy court did not abuse its discretion by deferring to the state court as to whether payments to creditor-wife were dischargeable); *Thaggard v. Pate (In re Thaggard),* 180 B.R. 659, 663-64 (M.D. Ala.1995) (bankruptcy court did not abuse its discretion in abstaining on issue of whether enforcement of support obligations violated automatic stay).

Courts in this Circuit often apply a twelve-factor test when deciding whether to abstain from hearing matters over which they have jurisdiction. These factors include: (1) the effect or lack thereof on the efficient administration of the estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with the

8

enforcement left to the bankruptcy court; (9) the burden of the court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties. *Republic Reader's Service, Inc. v. Magazine Service Bureau, Inc. (In re Republic Reader's Service)*, 81 B.R. 422, 426-29 (Bankr. S.D. Tex 1987) *cited in Bricker v. Martin*, 348 B.R. 28, 34 (W.D. Pa. 2005); *Sun Healthcare Group, Inc. v Levin (In re Sun Healthcare Group),* 267 B.R. 673, 678-79 (Bankr. D. Del. 2000). "Evaluating the twelve factors is not a mathematical formula," some factors may predominate based on the circumstances of the case. *Id.* at 679 (citing *Trans World Airlines, Inc. v. Karabus Corp.*, 196 B.R. 711, 715 (Bankr. D. Del. 1996)).

An examination of each of these factors supports my determination that I should abstain from some, but not all of the causes of action set forth in the Trustee's Complaint.

　　　　*1.　　The effect or the lack thereof on the efficient administration of the estate*

The first factor weighs in favor of abstention. The Trustee will have to return to state court to open or strike the confessed judgment. Some of the claims asserted by the Trustee (e.g., breach of contract and breach of warranty of quiet enjoyment) may constitute defenses or counterclaims in the action to open or strike the confessed judgment and should be addressed in that proceeding. The state court previously made findings of fact regarding breaches of the lease by Debtor and illegal self-help initiated by the Limited Partnership. Efficient administration of the estate will be furthered if I abstain from hearing the counts arising from the lease agreement. The same considerations do not apply to the Trustee's claims for violation of the automatic stay.

9

## 2. The extent to which state law issues predominate over bankruptcy issues

State law issues predominate in the Trustee's Complaint because five of the six counts involve state law. While this Court frequently interprets Pennsylvania law, the state court has greater expertise in this area. The only bankruptcy issue presented is the Trustee's claim for damages for violation of the automatic stay. This factor weighs in favor of abstention as to the state law claims, but not as to the claims for violation of the automatic stay.

## 3. The difficulty or unsettled nature of the applicable law

The counts for breach of contract, breach of warranty of quiet enjoyment, trespass, and conversion are typical actions arising from a landlord\tenant dispute. These issues of state law are neither unsettled or difficult. However, if the confessed judgment is not opened or stricken there is the more complex issue of how the judgment would impact state law claims asserted in the State Court Complaint. On balance, this factor weighs in favor of abstention.

## 4. The presence of a related proceeding commenced in state court

The State Court Complaint filed by Debtor in 2009 included all of the counts in the Complaint filed in this Court other than the count for violation of the automatic stay.[7] The Trustee asserts, however, if this Court abstains and the state court declines to open the judgment, these causes of action will be lost.

Res judicata, or claim preclusion, provides that a final judgment on the merits by a court with jurisdiction over a matter bars any future action on the same cause of action between the parties and their privies. *Hopewell Estates, Inc. v. Kent*, 435 Pa. Super. 471, 476, 646 A.2d 1192,

---

[7]The State Court Complaint included additional parties and causes of action not included in the Complaint.

10

1194 (1994) (citation omitted). Parties are prohibited under this doctrine from asserting any grounds for, or defenses to, an action that were available to the parties regardless of whether they were asserted or determined in the prior proceeding. A judgment entered by consent of the parties is res judicata to the same extent as a judgment entered after trial. *Allegheny Int'l, Inc. v. Allegheny Ludlum Steel Corp.*, 40 F.3d 1416, 1429 (3d Cir. 1994) (citing *Keystone Bldg. Corp. v. Lincoln Sav. and Loan Ass'n*, 468 Pa. 85, 360 A.2d 191, 194 (1976)).

To assert res judicata successfully, a defendant must establish "the concurrence of four conditions between the present and prior actions: 1) identity of issues; 2) identity of causes of action; 3) identity of parties or their privies; and 4) identity of the quality or capacity of the parties suing or being sued." *Yamulla Trucking & Excavating Col, Inc. v Justofin*, 771 A.2d 782, 784 (Pa. Super. 2001) (citing *Dyer v. Travelers*, 392 Pa. Super. 202, 572 A.2d 762 (1990)). Under Pennsylvania law, "[p]roceedings on a petition to open a judgment may be sufficient to bar a subsequent suit only where each of the elements constituting res judicata have been met." *Hopewell Estates,* 435 Pa. Super. at 476, 646 A.2d at 1194. At least some of the claims in this adversary proceeding, particularly those for trespass and for conversion of Debtor's personal property, are independent from issues resolved by the confessed judgment. Accordingly, the Trustee would not be precluded from pursuing these claims. Unless the state court strikes or opens the confessed judgment, claims in this adversary proceeding that constitute defenses or counterclaims to the confessed judgment would be subject to attack on the grounds of collateral estoppel as they would in any state court proceeding. Therefore, the Trustee has no greater or lesser opportunity to litigate these claims in bankruptcy court than he would in state court. This factor favors abstention.

> 5. *The jurisdictional basis, if any, other than 28 U.S.C. § 1334*

There is no jurisdictional basis for hearing the claims based on state law other than § 1334. This factor weighs in favor of abstention.

> 6. *The degree of relatedness or remoteness of the proceeding to the main bankruptcy case*

The claims raised in the Complaint are integral to the resolution of the main bankruptcy case. The Trustee's success or failure in prosecuting these actions will determine whether there will be funds to distribute to unsecured creditors. Therefore, this factor weighs heavily against abstention.

> 7. *The substance rather than the form of an asserted core proceeding*

This factor is neutral. The substance of the counts for violation of the automatic stay are substantively core proceedings. However, the remaining counts are claims under state law.

> 8. *The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court*

The request to open or strike the confessed judgment must be heard by the state court. Other counts of the Complaint may constitute defenses to or claims against the Limited Partnership in the motion to open or strike. The state law claims can be severed from the claim for violation of the automatic stay and tried in state court. Judicial efficiency would be served in this case if the Court abstains from hearing the remaining claims in this adversary matter until the proceeding to strike or open the judgment is resolved. This factor weighs in favor of abstention.

> 9. *The burden on the court's docket*

The Court does not find that this matter would contribute significantly to the burden of the Court's docket. This factor is neutral.

> 10. *The likelihood that the commencement of the proceeding in a bankruptcy court involved forum shopping by one of the parties*

The Trustee argues vigorously that the Limited Partnership was engaging in forum shopping by requesting abstention, and the Limited Partnership argues that the filing of the adversary proceeding constitutes forum shopping. The Court concludes that the timing of Debtor's bankruptcy petition was related to the unfavorable decision it expected to get from the state court because it had failed to post a bond as provided in the injunction order. Although the state court determined that the Limited Partnership obtained possession of the property illegally, it also found that Debtor had breached several provisions of the lease. Accordingly, I conclude that the Debtor hoped to find a more favorable forum in the bankruptcy court. This factor weighs in favor of abstention.

> 11. *The existence of a right to a jury*

Debtor included a jury demand in the State Court Complaint, but the Trustee has abandoned that demand in the Complaint filed with this Court. The Limited Partnership would have had a right to demand a jury trial before the pleadings were closed in the state court proceeding. In the adversary proceeding, however, by filing a proof of claim in the bankruptcy case, it has waived its right to a jury trial on issues related to that claim and submitted itself to the equitable jurisdiction of this Court. *Langenkamp v. Culp*, 490 U.S. 42, 44-45 (1990); *Billing v.*

Case 1:10-ap-00432-MDF    Doc 20    Filed 05/13/11    Entered 05/13/11 11:50:26    Desc
                        Main Document           Page 13 of 15

*Ravin, Greenberg & Zackin, P.A.,* 22 F.3d 1242 (3d Cir. 1994). This factor weighs in favor of abstention.

> *12. The presence in a proceeding of non-debtor parties*

This factor is neutral. There are no third parties against whom claims are being made who have no claims against the estate. The only parties in this proceeding are the Trustee and the Limited Partnership and its affiliates.

### III. Conclusion

Weighing all factors, eight support abstention, one weighs against it, and three are neutral. The Court gives particular weight to the existence of a state court proceeding initiated by Debtor that includes all but one of the counts included in the adversary proceeding. These claims either are directly related to the lease agreement that was the subject of the injunction motion before the state court or are state law claims derived from that agreement. The state court, but not this Court, has jurisdiction to determine whether the confessed judgement should be stricken or opened. Other state law claims arise out of the same set of facts making it a more efficient use of judicial resources for the state court to determine these issues.

As to the claims for violation of the automatic stay, although I have the discretion to abstain from hearing this claim as well, I find that a bankruptcy court is better suited to hear these issues. They are distinct from the state law claims asserted by the Trustee and may be addressed after the state law matters are resolved. Bankruptcy judges typically decide whether or not to abstain from an entire case, but partial abstention is permitted. *In re Republic Reader's Service, Inc.*, 81 B.R. at 427 *cited in Bricker v. Martin*, 348 B.R. at 37. *See also Koken v. Reliance Group Holding, Inc.*, 273 B.R. 374, 398-404 (Bankr. E.D. Pa. 2002).

Case 1:10-ap-00432-MDF    Doc 20    Filed 05/13/11    Entered 05/13/11 11:50:26    Desc
Main Document    Page 14 of 15

Accordingly, Count VI will be dismissed for lack of subject matter jurisdiction. The Court will abstain from hearing Counts I, III, IV, and V. The Court will not abstain from hearing Count II, but will suspend the pending adversary until the remaining counts of the Complaint are resolved by the state court. An appropriate order follows.

**By the Court,**

_____
Mary D. France
Chief Bankruptcy Judge

Date: May 13, 2011